# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. CENSUS BUREAU<br>4600 Silver Hill Road<br>Suitland, MD 20746,<br><br>and<br><br>U.S. DEPARTMENT OF COMMERCE,<br>1401 Constitution Avenue NW<br>Washington, DC 20230,<br><br>*Defendants.* | Case No. 20-cv-2090 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Commerce under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Commerce (Commerce) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Commerce has possession, custody, and control of the records American Oversight has requested.

7. Defendant U.S. Census Bureau is a component of Commerce and a department of the executive branch of the U.S. government headquartered in Suitland, MD, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Census Bureau has possession, custody, and control of the records American Oversight has requested.

## STATEMENT OF FACTS

8.     In April and May 2020, American Oversight submitted five FOIA requests to the Census Bureau and Commerce seeking records regarding the response of the Census Bureau and Commerce to the COVID-19 pandemic, and specifically its effects on the implementation of the decennial census.

*Census Bureau White House Key Terms FOIA*

9.     On April 6, 2020, American Oversight submitted a FOIA request to the Census Bureau requesting email communications between Census Bureau officials and the Executive Office of the President containing key terms relating to the coronavirus. Specifically, the request sought the following:

> All email communications (including complete email chains, email attachments, calendar invitations, and attachments thereto) between (a) any of the Census Bureau officials listed below and (b) any employee of the Executive Office of the President, including anyone using an email address ending in eop.gov, regarding the coronavirus and the Census Bureau's response to the spread of the disease.
>
> Census Bureau Officials:
> 1. Steven Dillingham, Director, or anyone communicating on his behalf, such as a scheduler or assistant, including Katherine Hancher
> 2. Christa Jones, Chief of Staff
> 3. Ron Jarmin, Deputy Director and Chief Operating Officer
> 4. Albert E. Fontenot Jr., Associate Director for Decennial Census Programs
> 5. James B. Treat, Senior Advisor for Decennial Affairs
> 6. Kevin Quinley, Director of Strategic Initiatives
> 7. José Bautista, Senior Advisor
> 8. Christopher Stanley, Chief of Congressional Affairs
> 9. Ali Ahmad, Associate Director for Communications
> 10. Anyone acting as White House Liaison or White House Advisor
> 11. Any member of the "Census Bureau COVID-19 Internal Task Force" not otherwise listed above

10. The request stated that "American Oversight believes that your agency is best placed to find responsive records. However, American Oversight requests that the Census Bureau, at a minimum, employ these search terms to identify responsive records." The 29 listed search terms are Coronavirus, Corona, Virus, Disease, Pandemic, Epidemic, Outbreak, containment, "public health," "COVID-19," "COVID 19," COVID19, SARS, "2019-nCOV," POTUS, VPOTUS, Wuhan, Hoax, Hubei, Quarantine, Distancing, Isolation, Suspend, Suspended, Suspending, Suspension, Spread, Spreading, and Transmission.

11. The request sought responsive records from February 15, 2020, through the date the search is conducted.

12. On April 13, 2020, the Census Bureau assigned this request the tracking number DOC-CEN-2020-001042.

13. On May 18, 2020, the Census Bureau emailed American Oversight stating that the agency was "working diligently on processing your FOIA request," but that "[d]ue to the pandemic and current work/facility access request times are taking longer than usual."

14. On June 24, 2020, the Census Bureau emailed American Oversight stating that the agency had received multiple requests asking for information regarding "Covid 19 and the 2020 census" and that American Oversight's "current search parameters could potentially create a voluminous amount of records." The Census Bureau recommended an amended search but specified that the "amendment recommendation is not meant to stifle your FOIA request, but to give you information" from the FOIA officers.

15. On June 30, 2020, American Oversight responded that it was not willing to agree to the suggested search but would be willing to discuss ways to potentially streamline requests.

16. After some back-and-forth correspondence between American Oversight and the Census Bureau about potentially setting up a call to discuss the requests throughout July, on July 27, 2020, the Census Bureau responded that the agency was "diligently working on your request."

17. On July 28, 2020, based on the amount of time that had elapsed since the filing of the request and the importance of the requested information to the public, American Oversight responded to the Census Bureau and informed it that while American Oversight appreciated the work on the request to date, it would be including the request in a lawsuit to enforce American Oversight's right to access the records in a timely fashion.

18. On July 28, 2020, the Census Bureau responded, stating "[j]ust for your awareness we do have information regarding Covid 19 on our website" and directing American Oversight to the information.

19. American Oversight has not received any further communications from the Census Bureau regarding this FOIA request.

*Census Bureau Directives FOIA*

20. On April 6, 2020, American Oversight submitted a FOIA request to the Census Bureau seeking directives and guidance related to the implementation of the census during the pandemic. Specifically, the request sought the following:

> Any final guidance, policy directives, or decision memoranda related to coronavirus or any alterations made to plans for implementing the census in response to the threat of the spread of coronavirus.
>
> To be clear, this request encompasses guidance, directives, or decision memoranda which originated in the Census Bureau as well as in other U.S. federal government entities.

21. The request sought responsive records from February 15, 2020, through the date of the search.

22. On April 13, 2020, the Census Bureau assigned this request the tracking number DOC-CEN-2020-001043.

23. On May 18, 2020, the Census Bureau emailed American Oversight stating that the agency was "working diligently on processing your FOIA request," but that "[d]ue to the pandemic and current work/facility access request times are taking longer than usual."

24. On June 24, 2020, the Census Bureau emailed American Oversight stating that the agency had received multiple requests asking for information regarding "Covid 19 and the 2020 census" and that American Oversight's "current search parameters could potentially create a voluminous amount of records." The Census Bureau recommended an amended search but specified that the "amendment recommendation is not meant to stifle your FOIA request, but to give you information" from the FOIA officers.

25. On June 30, 2020, American Oversight responded that it was not willing to agree to the suggested search but would be willing to discuss ways to potentially streamline requests.

26. After some back and forth correspondence between American Oversight and the Census Bureau about potentially setting up a call to discuss the requests throughout July, on July 27, 2020, the Census Bureau responded that the agency was "diligently working on your request."

27. On July 28, 2020, based on the amount of time that had elapsed since the filing of the request and the importance of the requested information to the public, American Oversight responded to the Census Bureau and informed it that while American Oversight appreciated the

work on the request to date, it would be including the request in a lawsuit to enforce American Oversight's right to access the records in a timely fashion.

28. On July 28, 2020, the Census Bureau responded, stating "[j]ust for your awareness we do have information regarding Covid 19 on our website" and directing American Oversight to the information.

29. American Oversight has not received any further communications from the Census Bureau regarding this FOIA request.

*Census Bureau Sent Communications FOIA*

30. On May 29, 2020, American Oversight submitted a FOIA request to the Census Bureau seeking sent email communications containing key terms relating to the coronavirus. Specifically, the request sought the following:

> All email communications (including complete email chains, email attachments, calendar invitations, and attachments thereto) <u>sent</u> by any of the Census Bureau officials listed below to any email address ending in .com, .net, .org,. mail, .edu, or .us containing any of the following terms listed below.
>
> <u>Census Bureau Officials</u>
>
> i. Steven Dillingham, Director, or anyone communicating on his behalf, such as a scheduler or assistant, including Katherine Hancher
> ii. Christa Jones, Chief of Staff
> iii. Ron Jarmin, Deputy Director and Chief Operating Officer
> iv. Albert E. Fontenot Jr., Associate Director for Decennial Census Programs
> v. James B. Treat, Senior Advisor for Decennial Affairs
> vi. Kevin Quinley, Director of Strategic Initiatives
> vii. José Bautista, Senior Advisor
> viii. Christopher Stanley, Chief of Congressional Affairs
> ix. Anyone acting as White House Liaison

31. The 15 listed search terms are Coronavirus, Corona, Virus, Disease, Pandemic, Epidemic, Outbreak, Contagion, containment, "public health emergency," "state of emergency," COVID, POTUS, Wuhan, and Hubei.

32. The request also stated that the request was limited to sent messages "to reduce the number of potentially responsive records to be processed and produced," but specified that "American Oversight still requests that complete email chains be produced, displaying both sent and received messages."

33. The request sought responsive records from February 1, 2020, through May 15, 2020.

34. On May 29, 2020, the Census Bureau assigned this request the tracking number DOC-CEN-2020-001356.

35. On June 24, 2020, the Census Bureau emailed American Oversight stating that the agency had received multiple requests asking for information regarding "Covid 19 and the 2020 census" and that American Oversight's "current search parameters could potentially create a voluminous amount of records." The Census Bureau recommended an amended search, but specified that the "amendment recommendation is not meant to stifle your FOIA request, but to give you information" from the FOIA officers.

36. On June 30, 2020, American Oversight responded that it was not willing to agree to the suggested search but would be willing to discuss ways to potentially streamline requests.

37. After some back and forth correspondence between American Oversight and the Census Bureau about potentially setting up a call to discuss the requests throughout July, on July 27, 2020, the Census Bureau responded that the agency was "diligently working on your request."

38. On July 28, 2020, based on the amount of time that had elapsed since the filing of the request and the importance of the requested information to the public, American Oversight responded to the Census Bureau and informed it that while American Oversight appreciated the work on the request to date, it would be including the request in a lawsuit to enforce American Oversight's right to access the records in a timely fashion.

39. On July 28, 2020, the Census Bureau responded, stating "[j]ust for your awareness we do have information regarding Covid 19 on our website" and directing American Oversight to the information.

40. American Oversight has not received any further communications from the Census Bureau regarding this FOIA request.

*Commerce McConnell Communications FOIA*

41. On May 29, 2020, American Oversight submitted a FOIA request to Commerce requesting all email communications between certain high-ranking Commerce officials and Senator Mitch McConnell containing key terms relating to the coronavirus. Specifically, the request sought the following:

> All email communications (including complete email chains, email attachments, calendar invitations, and attachments thereto) between (a) any of the Commerce officials listed below and (b) Senator Mitch McConnell or anyone communicating with an email address ending in @mcconnell.senate.gov or @teammitch.com containing the key words listed below.

> <u>Commerce Officials</u>
>
> i. Secretary Wilbur Ross, or anyone communicating on his behalf, such as a scheduler or assistant, including Talat Goudarzi
> ii. Karen Dunn Kelley, Deputy Secretary
> iii. Michael J. Walsh Jr., Chief of Staff

Key Terms

      i. Census
    ii. Decennial
   iii. Count
   iv. Field
    v. Citizen
   vi. Noncitizen
  vii. Non-citizen
 viii. Immigrant
   ix. Undocumented
    x. Illegal
   xi. Alien
  xii. "Voting age"
 xiii. "Voting-age"
 xiv. CVAP
  xv. TPOP
 xvi. Redistricting
xvii. "One person, one vote"

42. The request sought responsive records from January 1, 2020, through the date of the search.

43. On May 29, 2020, Commerce assigned the request tracking number DOC-OS-2020-001354.

44. Later on May 29, 2020, Commerce changed the tracking number to DOC-IOS-2020-001354.

45. American Oversight has not received any further communications from Commerce regarding this FOIA request.

*Commerce External Communications FOIA*

46. On May 29, 2020, American Oversight submitted a FOIA request to Commerce requesting all email communications between certain high-ranking Commerce officials and specified external individuals or entities. Specifically, the request sought the following:

    1. All email communications (including complete email chains, email attachments, calendar invitations, and attachments

10

thereto) between (a) any of the Commerce officials listed in Column A below and (b) any individual listed in Column B below.

| Column A: Commerce Officials | Column B: External Individuals |
|---|---|
| iv. Secretary Wilbur Ross, Director, or anyone communicating on his behalf, such as a scheduler or assistant, including Talat Goudarzi<br>v. Karen Dunn Kelley, Deputy Secretary<br>vi. Michael J. Walsh Jr., Chief of Staff<br>vii. Anyone serving as General Counsel, including in an acting capacity<br>viii. Anyone serving as White House Liaison or White House Advisor, including in an acting capacity<br>ix. Anyone serving as point of contact for the coronavirus task force led by Vice President Pence. | i. Kris Kobach (including, but not limited to, communications with the email addresses kkobach@gmail.com, kris@kriskobach.com, or any email addresses ending in ks.gov)<br>ii. J. (John) Christian Adams (including, but not limited to, communications with the email addresses adams@publicinterestlegal.org, a@electionlawcenter.com, or adams@electionlawcenter.com)<br>iii. Hans von Spakovsky (including, but not limited to, communications with the email address hans.vonspakovsky@heritage.org)<br>iv. Catherine Engelbrecht (including, but not limited to, communications with the email address catherine@truethevote.org)<br>v. Edward Blum<br>vi. John C. Eastman<br>vii. Leonard Leo (including, but not limited to, communications with the email address ) |

2. All email communications (including complete email chains, email attachments, calendar invitations, and attachments thereto) <u>sent</u> by (a) any of the Commerce officials listed in

Column A below to (b) any employee or representative of any of the entities listed in Column B below.

| Column A: Commerce Officials | Column B: External Entities |
|---|---|
| i. Secretary Wilbur Ross or anyone communicating on his behalf, such as a scheduler or assistant, including Talat Goudarzi<br>ii. Karen Dunn Kelley, Deputy Secretary<br>iii. Michael J. Walsh Jr., Chief of Staff<br>iv. Anyone serving as General Counsel, including in an acting capacity<br>v. Anyone serving as White House Liaison or White House Advisor, including in an acting capacity<br>vi. Anyone serving as point of contact for the coronavirus task force led by Vice President Pence. | i. Anyone communicating on behalf of the Election Law Center (including, but not limited to, communications with any email address ending in electionlawcenter.com)<br>ii. Anyone communicating on behalf of the Government Accountability Institute (including, but not limited to, communications with any email address ending in g-a-i.org)<br>iii. Anyone communicating on behalf of Simpatico Software Systems (including, but not limited to, communications with any email address ending in simpaticosoftware.com)<br>iv. Anyone communicating on behalf of Judicial Watch (including, but not limited to, communications with any email address ending in judicialwatch.org)<br>v. Anyone communicating on behalf of Heritage Foundation (including, but not limited to, communications with any email address ending in heritage.org)<br>vi. Anyone communicating on behalf of Heritage Action for America (including, but not limited to, communications with any email address ending in heritageaction.com) |

|  | vii. | Anyone communicating on behalf of Public Interest Legal Foundation (including, but not limited to, communications with any email address ending in publicinterestlegal.org) |
|---|---|---|
|  | viii. | Anyone communicating on behalf of American Civil Rights Union (including, but not limited to, communications with any email address ending in theacru.org) |
|  | ix. | Anyone communicating on behalf of True the Vote (including, but not limited to, communications with any email address ending in truethevote.org) |
|  | x. | Anyone communicating on behalf of the Republican State Leadership Committee (including, but not limited to, communications with any email address ending in rslc.gop) |
|  | xi. | Anyone communicating on behalf of the National Republican Redistricting Trust (including, but not limited to, communications with any email address ending in thenrrt.org) |
|  | xii. | Anyone communicating on behalf of Geographic Strategies LLC |
|  | xiii. | Anyone communicating on behalf of Fair Lines America |
|  | xiv. | Anyone communicating on behalf of Federation for American Immigration Reform (including, but not limited to, communications |

|   |   |   |
|---|---|---|
|   |   | with any email address ending in @fairus.org) |
|   | xv. | Anyone communicating on behalf of the Immigration Reform Law Institute (including, but not limited to, communications with any email address ending in @irli.org) |
|   | xvi. | Anyone communicating on behalf of Center for Immigration Studies (including, but not limited to, communications with any email address ending in @cis.org) |
|   | xvii. | Anyone communicating on behalf of NumbersUSA (including, but not limited to, communications with any email address ending in @numbersusa.com) |
|   | xviii. | Anyone communicating on behalf of the Hoover Institution (including, but not limited to, communications with any email address ending in hoover.org) |
|   | xix. | Anyone communicating on behalf of the Project on Fair Representation (including, but not limited to, communications with any email address ending in projectonfairrepresentation.org) |
|   | xx. | Anyone communicating on behalf of the Judicial Education Project |
|   | xxi. | Anyone communicating on behalf of the Federalist Society (including, but not limited to, communications with any email address ending in fed-soc.org) |

|  | xxii. | Anyone communicating on behalf of the Freedom and Opportunity Fund |
|---|---|---|
|  | xxiii. | Anyone communicating on behalf of Creative Response Concepts (including, but not limited to, communications with any email address ending in crcadvisors.com or crcadvisors.org) |
|  | xxiv. | Anyone communicating on behalf of the Honest Elections Project (including, but not limited to, communications with any email address ending in honestelections.org) |
|  | xxv. | Anyone communicating on behalf of the 85 Fund |
|  | xxvi. | Anyone communicating on behalf of the Judicial Crisis Network (including, but not limited to, communications with any email address ending in judicialnetwork.org) |
|  | xxvii. | Anyone communicating on behalf of Consovoy McCarthy (including, but not limited to, communications with any email address ending in consovoymccarthy.com) |

47. The request also stated that the second part of the request was limited to sent messages "to reduce the number of potentially responsive records to be processed and produced," but specified that "American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means, for example, that both an agency official's response to an email from a listed entity and the initial received message are responsive to this request and should be produced."

48. The request sought responsive records from January 1, 2020, through the date of the search.

49. On May 29, 2020, Commerce assigned the request tracking number DOC-OS-2020-001355.

50. Later on May 29, 2020, Commerce changed the tracking number to DOC-IOS-2020-001355.

51. American Oversight has not received any further communications from Commerce regarding this FOIA request.

*Exhaustion of Administrative Remedies*

52. As of the date of this Complaint, both the Census Bureau and Commerce have failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records the agencies intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

53. Through the agencies' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

54. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

55. American Oversight properly requested records within the possession, custody, and control of Defendants.

56. Commerce is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

57. The Census Bureau is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

58. Commerce is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

59. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

60. Defendants' failure to conduct adequate searches for responsive records violates FOIA and Commerce regulations.

61. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

62. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

63. American Oversight properly requested records within the possession, custody, and control of Defendants.

64. The Census Bureau is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

65. Commerce is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

66. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

67. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

68. Defendants' failure to provide all non-exempt responsive records violates FOIA and Commerce regulations.

69. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: July 31, 2020

Respectfully submitted,
*/s/ Emma Lewis*
Emma Lewis
D.C. Bar No. 144574

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
emma.lewis@americanoversight.org

*Counsel for Plaintiff*