## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
AMERICAN OVERSIGHT,                          )
1030 15th Street NW, B255                         )
Washington, D.C. 20005                            )
                                                                    )
                                       Plaintiff,         )
v.                                                                )          Civil No.  20-2090-RC
                                                                    )
U.S. CENSUS BUREAU,                              )
4600 Silver Hill Road                                 )
Suitland, MD 20746                                   )
                                                                    )
and                                                               )
                                                                    )
U.S. DEPARTMENT OF COMMERCE          )
1401 Constitution Avenue NW                    )
Washington, D.C. 20230                            )
                                                                    )
                                       Defendants.      )
_____)


## DEFENDANT'S ANSWER

Defendants, the United States Census Bureau ("Census Bureau") and the United States

Department of Commerce ("Commerce"), by and through undersigned counsel, hereby answer

the Complaint (ECF No. 1) ("Complaint") filed by Plaintiff American Oversight on July 31,

2020, as follows, in correspondingly numbered paragraphs:

1.       This paragraph sets forth Plaintiff's characterization of this action, to which no

response is required.

2.       This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to

which no response is required.

3.       This paragraph consists of Plaintiff's legal conclusions regarding venue, to which

response is required.

4.      This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, denied

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      Defendants admit that Commerce is a department of the executive branch of the United States government and a federal agency with its headquarters located in Washington, D.C., and that Plaintiff submitted FOIA requests dated May 29, 2020, to Commerce.  The final sentence of this paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, denied.

7.      Defendants admit only that the Census Bureau is a component of Commerce and a department of the executive branch of the United States government with its headquarters in Suitland, MD, and that Plaintiff submitted FOIA requests dated April 6, 2020, and May 29, 2020, to the Census Bureau.  The final sentence of this paragraph consists of Plaintiff's legal conclusions, to which no response is deemed necessary.  To the extent a response is deemed necessary, denied.

8.      Defendants admit that Commerce and the Census Bureau received FOIA requests, dated April 6, 2020, and May 29, 2020, from Plaintiff.  Defendants respectfully refer the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents.

9.      Defendants admit that the Census Bureau received a FOIA request dated April 6, 2020, from American Oversight.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

10.      This paragraph contains Plaintiff's characterizations of a FOIA request dated April 6, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

11.     This paragraph contains Plaintiff's characterizations of a FOIA request dated April 6, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

12.     Defendants admit that this request was assigned tracking number DOC-CEN-2020-001042.  Otherwise denied.

13.     Defendants admit that the Census Bureau emailed Plaintiff on May 18, 2020, regarding Plaintiff's FOIA request dated April 6, 2020.  Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

14.     Defendants admit that the Census Bureau emailed Plaintiff on June 24, 2020, regarding Plaintiff's FOIA request dated April 6, 2020.  Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

15.     Defendants admit that Plaintiff emailed the Census Bureau on June 30, 2020, regarding its FOIA request dated April 6, 2020.  Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

16.     Defendants admit that, in July 2020, the Census Bureau and Plaintiff corresponded about a telephonic discussion regarding Plaintiff's FOIA requests.  Defendants admit that the Census Bureau emailed Plaintiff on July 27, 2020.  Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

17.     Defendants admit that the Census Bureau received an email from Plaintiff on July 28, 2020.  Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

18.    Defendants admit that the Census Bureau emailed Plaintiff on July 28, 2020. Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

19.    Defendants aver that on July 31, 2020, an interim response was provided to Plaintiff regarding this portion of FOIA request DOC-CEN-2020-001042. Defendants also deny this allegation to the extent that "any further communications" is intended to include communications regarding this FOIA request prior to July 28, 2020, that were not set forth in paragraphs 12-18.

20.    Defendants admit that the Census Bureau received a FOIA request from Plaintiff on April 6, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

21.    Defendants admit that the Census Bureau received a FOIA request from Plaintiff on April 6, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

22.    Defendants admit that this request was assigned tracking number DOC-CEN-2020-001043.  Otherwise denied.

23.    To the extent Plaintiff is alleging a communication separate from paragraph 13, Defendants deny the allegations in this paragraph and aver that request DOC-CEN-2020-001043 was consolidated with DOC-CEN-2020-001042 and closed on April 14, 2020. Defendants further aver that Plaintiff was notified this via email on April 14, 2020, with an attached letter dated April 13, 2020.

24.    To the extent Plaintiff is alleging a communication separate from paragraph 14, Defendants deny the allegations in this paragraph and aver that request DOC-CEN-2020-001043

was consolidated with DOC-CEN-2020-001042 and closed on April 14, 2020. Defendants further aver that Plaintiff was notified this via email on April 14, 2020, with an attached letter dated April 13, 2020.

25.     To the extent Plaintiff is alleging a communication separate from paragraph 15, Defendants deny the allegations in this paragraph and aver that request DOC-CEN-2020-001043 was consolidated with DOC-CEN-2020-001042 and closed on April 14, 2020. Defendants further aver that Plaintiff was notified this via email on April 14, 2020, with an attached letter dated April 13, 2020.

26.     To the extent that this allegation purports to be separate from paragraph 16, Defendants deny the allegations.

27.     To the extent that this allegation purports to be separate from paragraph 17, Defendants deny the allegations in this paragraph.

28.     To the extent that this allegation purports to be separate from paragraph 18, Defendants deny the allegations in this paragraph.

29.     Defendants deny the allegations in this paragraph. (See paragraph 19.) Defendants aver that on August 10, 2020, a response was provided to Plaintiff regarding this portion of consolidated FOIA request DOC-CEN-2020-001042.

30.     Defendants admit that the Census Bureau received a FOIA request from Plaintiff on May 29, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

31.     Defendants admit that the Census Bureau received a FOIA request from Plaintiff on May 29, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

32.     Defendants admit that the Census Bureau received a FOIA request from Plaintiff on May 29, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

33.     Defendants admit that the Census Bureau received a FOIA request from Plaintiff on May 29, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

34.     Admitted.

35.     Defendants admit that the Census Bureau emailed Plaintiff on June 24, 2020. Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

36.     Defendants admit that the Census Bureau received an email from Plaintiff on June 30, 2020.  Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

37.     Defendants admit that, in July 2020, the Census Bureau and Plaintiff corresponded about a telephonic discussion regarding Plaintiff's FOIA requests.  Defendants admit that the Census Bureau emailed Plaintiff on July 27, 2020.  Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

38.     Defendants admit that the Census Bureau received an email from Plaintiff on July 28, 2020.  Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

39.     Defendants admit that the Census Bureau emailed Plaintiff on July 28, 2020. Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.

40.     Defendants aver that on August 24, 2020, an interim response dated August 18, 2020, was provided to Plaintiff regarding this request.

41.     Defendants admit that Commerce received a FOIA request from Plaintiff on May 29, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

42.     Defendants admit that Commerce received a FOIA request from Plaintiff on May 29, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

43.     Admitted.

44.     Admitted.

45.     Defendants admit that Commerce has not communicated further with Plaintiff on this request.

46.     Defendants admit that Commerce received a FOIA request from Plaintiff on May 29, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

47.     Defendants admit that Commerce received a FOIA request from Plaintiff on May 29, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

48.     Defendants admit that Commerce received a FOIA request from Plaintiff on May 29, 2020.  Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents.

49.     Admitted.

50.     Admitted.

51.     Defendants admit that Commerce has not communicated further with Plaintiff on this request.

52.     Denied.

53.     The allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, denied.

54.     Defendants repeat and reallege the responses contained in the foregoing paragraphs and incorporate them as though fully set forth herein.

55.     The allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants admit that Commerce and the Census Bureau possess records responsive to Plaintiff's requests; otherwise denied.

56.     Admit that Commerce is an agency subject to FOIA.  The remainder of the allegations in this paragraph consist of legal conclusions, to which no response is required.

57.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

58.     Admit that Commerce is an agency subject to FOIA.  The remainder of the allegations in this paragraph consist of legal conclusions, to which no response is required.

59.     Denied.

60.     The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

61.     The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

62.     Defendants repeat and reallege the responses contained in the foregoing paragraphs and incorporate them as though fully set forth herein.

63.     The allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants admit that Commerce and the Census Bureau possess records responsive to Plaintiff's requests; otherwise denied.

64.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

65.     Admit that Commerce is an agency subject to FOIA.  The remainder of the allegations in this paragraph consist of legal conclusions, to which no response is required.

66.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

67.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

68.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, denied.

69.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, denied.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and further aver that Plaintiff is not entitled to any relief.

Defendant hereby denies all allegations in the Complaint not hereby expressly admitted or denied.

## DEFENSES

1.      Defendants' alleged actions did not violate the FOIA or any other statutory or regulatory provision.

2.      Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

WHEREFORE, having fully answered, Defendants pray that:

1.  This Court enter judgment for Defendants and dismiss this action with prejudice; and

2.  Defendants be granted such further relief as the Court may deem just and proper.

Dated: September 16, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ Liam C. Holland*
Liam C. Holland
(*Admitted in New York*)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel.:    (202) 514-4964
Fax:     (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendant*